# Railroad *versus* Gesner.

1. It was provided in the Act of 2d April, 1831, for the incorporation of the Philadelphia and Delaware County Railroad, that either party may except to the verdict of the jury appointed to estimate the damage sustained, and that the exceptions *shall be heard* by the Court of Common Pleas, who may either affirm or set aside the verdict *as shall be lawful and right: Held,* that the Supreme Court would not set aside a report made under the Act, on the sole ground that this Court differs from the jury as to the amount of damage.

2. The Railroad Company having for several years occupied the land of a lunatic, the law authorizing either party to institute the proceeding to have the damage ascertained, it was proper for the jury appointed in the matter, on the petition of the committee of the lunatic, to allow *interest* on the amount of damage sustained.

CERTIORARI to the Common Pleas of *Delaware county*, by the Philadelphia, Wilmington, and Baltimore Railroad Company *v.* William H. Gesner, committee of Philip Morris, a lunatic.

This was a proceeding under the provisions of the Act of Assembly passed April 2, 1831, and a supplement thereto, passed March 14, 1836, incorporating the Philadelphia, Wilmington, and Baltimore Railroad Company.

On the 24th day of August, 1852, the petition of Gesner, the committee of Philip Morris, was presented to said Court, setting forth that, by virtue of the Act of Assembly, said Railroad Company was authorized to construct a railroad from the city of Philadelphia to the Delaware state line: That said company located and constructed said road through lands of Philip Morris, in Tinicum, being a messuage and tract of about sixty acres of land.

[Railroad *v.* Gesner.]

That, about the year 1834 or 1835, Philip Morris was a lunatic; that no settlement of the damages had been made, and praying the Court to appoint twelve persons to meet on the land and assess the damages sustained by him.

The precise time when the land was first occupied by the company was not stated on the paper-book.

On the 1st October following, the jury met, and, after hearing the case, reported damages in favor of the petitioner to the amount of $1300. In the report it was stated that the assessment was made upon the basis of the company claiming the right and disclosing their purpose to occupy, for the use of the road, to the width of sixty feet, through the land of Philip Morris. On 31st October, exceptions to the report were filed on the part of the company.

In the exceptions it was alleged, 1. That the damages assessed were excessive, as the ground taken and proposed to be taken for the road amounted only to about one and a quarter acres. 2. That the jury, in assessing the damages, allowed *interest* for fifteen or more years, on the sum estimated for the actual injury. 3. That the amount assessed for damages exceeded the value of the land and the damage sustained.

On 1st December, 1852, the exceptions were *dismissed*. It was said in this Court that they were dismissed because the Court below was of opinion that it had no authority to hear them.

It was assigned for error:—1. That the Court erred in dismissing the exceptions. 2. In not permitting the company to show that the jury had allowed interest, to the amount of five or six hundred dollars, on the amount of injury done to the land.

In the 12th section of the Act incorporating the company it is provided, that when the company cannot agree with the owner for the purchase of land required, or where, by legal incapacity or absence of the owner, no agreement or purchase can be made, the Court of Common Pleas, on application by or on behalf *of either party*, and, at the cost and charge of the company, shall appoint twelve persons to view the premises, &c. And the 13th section provides that exceptions made by either party *shall be heard* by the Court of Common Pleas, who may either affirm or set aside the verdict, *as shall be lawful and right.*

*E. Darlington*, for the appellant.—Either party has the right to except to such reports, and the Act provides that the Court *shall hear* the exceptions. The Court in this case refused to afford. the opportunity to adduce evidence in support of the exceptions.

It was alleged that the viewers exceeded their power in allowing *interest* on the amount of damage committed, as the Act of Assembly gave them no power to do so. That the Court will set aside a report of this nature for excess in the estimate of damages, refer-

[Railroad *v.* Gesner.]

ence was made to the case of the Pennsylvania Railroad *v.* Heister, 8 *Barr* 445.

*W. Darlington,* contrà.

The opinion of the Court was delivered, January 20, 1853, by

LEWIS, J.—Without affirming all that is said in Willing's case, 4 *Wharton* 461, the decision is an authority for the principle that, under the peculiar provisions of the charter in question here, an assessment of damages will not be set aside upon the sole ground that the Court differs from the jury in estimating the amount. This disposes of the first and third exceptions to the verdict.

The second exception raises the question whether interest can be allowed on the compensation from the time when the Company took possession of the land. This is a matter of law, and it may be conceded that a clear mistake in matter of law would justify the interference of the Court below for its correction. A purchaser in possession of land under articles, is bound to pay interest on the purchase-money, unless relieved by the equity of peculiar circumstances, upon the principle that where one enjoys the property of another, a just compensation cannot be made without paying not only the value, but interest on the value to compensate for the delay. This is the rule, unless the delay has been caused by the party claiming the interest. But nothing of the kind appears in this case. By the provisions of the charter, either party had the right to institute proceedings to ascertain the amount of the damages. And where the land of a citizen is seized by a corporation, against or without his consent, under an authority coupled with the constitutional obligation to pay a just compensation, the duty of ascertaining the amount is an incident to the obligation to pay, and clearly falls upon the corporation. Where, as in this case, the injured party is a lunatic, his unfortunate and helpless condition not only accounts for his delay in prosecuting his claim, but gives additional strength to his demand for justice against those who have so long had the use of his property without condescending to pay the slightest regard to his rights. The jury were not in error in allowing interest under such circumstances; and, for this reason, the Court below was right in dismissing the exception in regard to it.

The decree of the Court below is affirmed.

Decree affirmed.